## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GLEN EDWARD MATHEWS,

      Petitioner,

v.                                      CASE NO:  5:10-CV-366-Oc-30TBS

WARDEN, FCC COLEMAN - LOW,

      Respondent.

_____/

## ORDER

      THIS CAUSE comes before the Court upon the Petition for Writ of Habeas Corpus (Dkt. #1) pursuant to 28 U.S.C. § 2241 and the Respondent's Response (Dkt. #11).  Mathews attacks the validity of his sentence because he says that he was improperly enhanced as an armed career criminal.  It is unnecessary to discuss whether the petition is properly brought pursuant to § 2241 rather than § 2255 because the petition clearly fails on its merits.

      Mathews was convicted of possession of a firearm by a convicted felon.  He was sentenced on January 31, 1996, to 293 months in prison.  Because of Mathews extensive prior criminal history, the Court enhanced the sentence pursuant to the Armed Career Criminal Act ("ACCA").  Petitioner appealed and the Court of Appeals affirmed.  Mathews then filed a petition under 28 U.S.C. § 2255 asserting that his counsel was ineffective for not challenging the use of his prior convictions to enhance his sentence.  His motion was denied.  He appealed.  The appeal was dismissed on December 5, 2001.  In 2007, Mathews sought

reconsideration of his § 2255 petition, which was denied.  Petitioner then filed the instant petition under 28 U.S.C. § 2241 on August 6, 2010.

As previously stated, Mathews has a lengthy criminal history.  It is sufficient to point out that three of his prior convictions were for burglary involving a structure.  This fact was admitted on the record in the sentencing hearing.  See p. 5, line 1, exhibit 2, attached to Respondent's memorandum.

Those three prior convictions alone are sufficient to qualify Mathews for the ACCA enhancement.  His petition therefore lacks merit regardless of the vehicle by which it is brought.

It is therefore ORDERED AND ADJUDGED that:

1.      The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner.

3.      All pending motions are denied as moot.

4.      The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-366.Ocala Mathews.wpd*